UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff/Respondent,<br><br>vs.<br><br>TOMMY RAY STRICKLAND,<br><br>   Defendant/Movant, | Criminal No. 4:15-cr-335-BHH<br>Civil Action No. 4:17-cv-2238-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court upon Defendant/Movant Tommy Ray Strickland's ("Strickland") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100), and motion to compel and continue proceedings (ECF No. 113). For the reasons set forth below, Strickland's motions are denied and the Court grants summary judgment in favor of the United States of America.

## **BACKGROUND**

On May 27, 2015 a federal grand jury sitting in the District of South Carolina, Florence Division, returned an indictment that charged Strickland with a single count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 2.) Strickland was arrested on June 21, 2015 and arraigned the following day. (ECF Nos. 7 & 9.) On June 22, 2015, the Court appointed Assistant Federal Public Defender Michael Meetze ("AFPD Meetze") to represent Strickland. (ECF No. 11.) Strickland elected to proceed to a jury trial, which commenced on May 19, 2016, and after which the jury found Strickland guilty of being a felon in possession. (ECF No. 71.) On

August 23, 2016, the Court sentenced Strickland to 115 months of imprisonment, which represented the high end of Strickland's guideline imprisonment range, calculated at 92 to 115 months. (ECF Nos. 82–84.)

Strickland appealed his conviction and sentence, which were ultimately affirmed by the Fourth Circuit Court of Appeals by mandate issued August 25, 2017. *United States v. Strickland*, 702 F. App'x 154 (4th Cir. 2017). Strickland did not petition the U.S. Supreme Court for a writ of certiorari.

Strickland filed the instant § 2255 motion on August 13, 2018. (ECF No. 100.) In the motion, Strickland asserts three bases for relief: (1) sentencing manipulation; and (2) ineffective assistance of counsel with regard to (a) advice at the pretrial bargaining phase, and (b) failing to object to Strickland's 1995 drug convictions being counted separately in the presentence investigation report ("PSR"). (*See* ECF No. 100 at 5–6.) The Government responded and moved for summary judgment on December 14, 2018. (ECF No. 110.) A certificate of service attached to the filing indicated that the Government's Motion for Summary Judgment and Government's Response to Motion Pursuant to 28 U.S.C. Section 2255 And Memorandum In Support of Motion for Summary Judgment were mailed to Strickland at his then address: Tommy Ray Strickland, Prisoner No. 28350-171, FCI Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640. (ECF No. 110-2.) On January 22, 2019, Strickland filed a document styled, "Defendant's Motion to Compel and Continue Proceedings," in which he sought an order from this Court compelling the Government to serve him with copies of the motion for summary judgment, brief in support, and all attachments, and also sought a continuance to allow additional time for him to respond to the motion for summary judgment. (ECF No. 113.) The address

2

Strickland listed for himself in the motion to compel was the same as the address listed on the certificate of service attached to the Government's response and motion for summary judgment. (*See id.*) The matter is ripe for review, and the Court now issues the following ruling.

## LEGAL STANDARDS

**Motions to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. To succeed on such a motion, the prisoner must prove one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The determination of whether to hold an evidentiary hearing ordinarily is best left to the common sense and sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings

("The Federal Rules of Civil Procedure . . ., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citations and quotation marks omitted).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The U.S. Supreme Court has held that this right is violated when counsel retained by, or appointed to, a criminal defendant fails to provide adequate or effective legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Strickland* established a two-prong test for a claim of ineffective assistance of counsel in violation of the Sixth Amendment, under which the criminal defendant must show deficient performance and resulting prejudice. *Id.* at 687. "The performance prong of *Strickland* requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). "[C]ounsel should

4

be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" and courts should indulge in a "'strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (modifications omitted) (quoting *Strickland*, 466 U.S. at 689–90). "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, 566 U.S. at 163 (quoting *Strickland,* 466 U.S. at 694). "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (citations omitted). Rather, "*Strickland* asks whether it is 'reasonably likely' the result would have been different. *Id.* (citing *Strickland*, 466 U.S. at 693). Furthermore, "When analyzing counsel's performance at sentencing, prejudice exists when, but for counsel's action or inaction, the movant would have received a shorter sentence." *Jennings v. United States*, 461 F. Supp. 2d 818, 823–24 (S.D. Ill. 2006) (citing *Glover v. United States*, 531 U.S. 198, 202–04 (2001); *Strickland*, 466 U.S. at 689).

## DISCUSSION

### A. Whether There is a Genuine Issue of Material Fact as to the Alleged "Sentencing Manipulation"

Strickland's first theory of relief is premised on his assertion that the Government introduced "unknown documents" to the Court at sentencing, which were not included in the record, and "potentially prejudicial." (*See* ECF No. 100 at 5.) The "sentencing

5

manipulation" that Strickland is alleging revolves around a document discussed at a sidebar conference during the sentencing proceedings. (*See* ECF No. 100-1 at 3–5.) Specifically, during an unrecorded sidebar after AFPD Meetze made a motion for a downward variance on the basis that Strickland's criminal history was overrepresented in the PSR, the Government attempted to present a document reflecting Strickland's debriefing with law enforcement. (*See id.*; *see also* Sentencing Tr. 4:6–8:16, ECF No. 92; Meetz Aff. at 2–3, ECF No. 107.) AFPD Meetze opposed the introduction of this information and the Court declined to admit the document as an exhibit. (*See* Sentencing Tr. 4:6–8:16; Meetz Aff. at 2–3.)

The Fourth Circuit has described "sentence manipulation" as "the theory that outrageous government conduct that offends due process could justify a reduced sentence." *United States v. Jones*, 18 F.3d 1145, 1153 (4th Cir. 1994) (citation omitted). The theory does not apply to this case.

First, Strickland's "sentence manipulation" claim is not properly before the Court because it was raised on appeal and rejected by the Fourth Circuit. Issues litigated on direct appeal are not subject to collateral attack absent an intervening change in the law. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Strickland's theory regarding the Government's alleged submission of "unknown documents" boils down to the assertion that Government counsel's attempt to introduce a law enforcement debriefing report during the sidebar made it less likely that Strickland would receive a downward variance. (*See* ECF No. 100-1 at 3–5.) During the pendency of Strickland's appeal, and pursuant to his appellate counsel's efforts, the Court entered an Order reconstructing the record, wherein the Court stated: (1) "The judge did not review the

papers offered by the government."; and (2) "The judge, pursuant to Mr. Meetze's objection, expressly declined to consider the agent's reports." (ECF No. 97.) In his brief on appeal, Strickland argued that the Court erred by mishandling the variance request and imposing an unreasonable sentence, specifically addressing the reconstructed record, the sidebar, and the documents offered by Government counsel. Br. for Appellant, *United States v. Strickland*, No. 16-4563, Doc. No. 17 at 17–18, 33–37 (4th Cir. March 17, 2017). The Fourth Circuit considered these arguments in light of the reconstructed record and held:

> We have reviewed the record in this case and conclude that the district court adequately addressed Strickland's motion for a variance and sufficiently explained its rationale for the sentence imposed. Here, Strickland's arguments for the variant sentence were not compelling and the record demonstrates that the district court heard and rejected Strickland's arguments for a lesser sentence. Moreover, the district court expressly referred to the Guidelines and the § 3553(a) factors it deemed most relevant to its decision to impose the 115-month sentence.

*United States v. Strickland*, 702 F. App'x 154, 157 (4th Cir. 2017). Thus, Strickland's first ground for relief is a repackaged version of issues raised on appeal and rejected by the Fourth Circuit. Strickland cites no interviewing change in law that would permit him to raise the issue in his current § 2255 motion. Accordingly, Strickland's first ground for relief is denied as improperly before the Court.

Even if the Court were to consider Strickland's first ground for relief as an inartfully pled claim that AFPD Meetze was constitutionally ineffective in his efforts to prevent the Court from considering inadmissible material during the sentencing hearing, the claim would fail. Strickland cannot show deficient performance because AFPD Meetze successfully objected to the Government's effort to introduce the debriefing report during

7

the sidebar. (*See* ECF No. 97.) Neither can Strickland show prejudice, because the Court explicitly did not consider the debriefing report when it denied Strickland's motion for a downward variance. (*See id.*) Thus, there is no genuine issue of material fact as to the alleged "sentence manipulation," and Strickland's first ground for relief would be denied if it were considered on its merits.

### B. Whether There is a Genuine Issue of Material Fact as to the Alleged Ineffective Assistance of Counsel

Strickland claims that AFPD Meetze provided ineffective assistance of counsel regarding two distinct matters: (1) advice at the pretrial bargaining phase, and (2) failing to object to Strickland's 1995 drug convictions being counted separately in the PSR. (*See* ECF No. 100 at 5–6.)

With respect to the first matter, Strickland states, "The crux of Petitioner's claim in this argument is that Meetze's unreasonable performance deprived him of a plea bargain with the Government, and a more favorable outcome throughout this judicial process." (ECF No. 100-1 at 9.) Strickland has not offered more than conclusory assertions that AFPD Meetze encouraged him to go to trial rather than take a plea bargain. (*See* ECF Nos. 10, 110-1, 110-2.) However, AFPD Meetze states in his affidavit that he did not encourage Strickland to go to trial. (ECF No. 107 at 2, 4.) Moreover, Strickland's sworn trial testimony—wherein he indisputably maintained his innocence—belies any contention that he intended to plead guilty if offered a plea bargain. Strickland claimed he knew nothing about the gun and that the officer was lying when the officer testified Strickland had bullets in his pocket:

> Because I mean I had no bullets on me. I mean I would be foolish to bring something to trial when I know better if I had those bullets on me, you know,

> I was sentenced in '94. I went to prison and, you know, I knew not to have any bullets or anything.

(Trial Tr. 54:2–4, ECF No. 93.) Indeed, Strickland expressly stated that it was his purported innocence, not AFPD Meetze's advice, that prevented him from pleading guilty: "I'm not stupid. If I have bullets and he took them off of me, I wouldn't be sitting here. I would have taken a plea bargain." (*Id.* 58:9–11.) Finally, there is no evidence that AFPD Meetze failed to communicate to Strickland any Government offer of a plea agreement. Thus, Strickland has not satisfied either prong of the ineffective assistance analysis because he "cannot demonstrate that his attorney's conduct with respect to any plea offer was objectively unreasonable." *United States v. Schulte*, 230 F.3d 1356 (Table), 2000 WL 1390205, at *2 (4th Cir. Sept. 26, 2000) (holding that petitioner's counsel was not ineffective because the petitioner had been informed about the possibility of a plea, the petitioner claimed he was innocent, and the petitioner's trial testimony reflected his continuing denial of any criminal responsibility).

With respect to the second matter, Strickland contends that his two prior drug convictions should not have been counted as separate offenses in the PSR because they were "related to one crime spree." (ECF No. 100 at 6.) Strickland does not, however, state any legal basis to substantiate the assertion that his prior convictions were subject to improper double counting. (*See* ECF No. 100-1 at 12.) At the sentencing hearing, all parties agreed that the guideline imprisonment range was properly calculated. (*See* Sentencing Tr. 2:9–3:7.) In his affidavit, AFPD Meetze states his continuing belief that Strickland's convictions were properly counted separately in the PSR because there were multiple groups of charges separated by intervening arrests. (ECF No. 107 at 3.)

9

Moreover, the Fourth Circuit reviewed the propriety of Strickland's sentence and affirmed. *United States v. Strickland*, 702 F. App'x 154, 156–57 (4th Cir. 2017). It goes without saying that AFPD Meetze cannot have been constitutionally ineffective for failing to object to the separate counting of Strickland's prior convictions if those prior convictions were correctly counted separately under law. Accordingly, the Court finds that no genuine issue of material fact remains regarding Strickland's ineffective assistance of counsel claim, and the Government is entitled to judgment as a matter of law.

### C. Evidentiary Hearing

As more fully explained above, the Court finds that it is clear from the pleadings, files, and records of this case that Strickland is not entitled to relief; thus, an evidentiary hearing is not necessary. *See* 28 U.S.C. § 2255(b); *Raines v. United States*, 423 F.2d 526 (4th Cir. 1970) (holding it is within the district court's discretion to deny without a hearing § 2255 motions where the files and records conclusively show that the prisoner is entitled to no relief). The Court finds that Strickland has failed to set forth arguments that would merit a hearing. Accordingly, his request for an evidentiary hearing (*see* ECF No. 100-1 at 13) is denied.

### D. Motion to Compel and Continue Proceedings

In his motion to compel and continue proceedings, Strickland sought an order from the Court compelling the Government to serve him with copies of the motion for summary judgment, brief in support, and all attachments, and also sought a continuance to allow additional time for him to respond to the motion for summary judgment. (*See* ECF No. 113.) However, as shown by the certificate of service attached to the Government's motion for summary judgment, there is nothing to indicate that the Government's efforts

to serve Strickland with a copy of the relevant documents were anything short of satisfactory. (*See* ECF No. 110-2.) Moreover, Strickland's § 2255 claims fail to raise issues of even colorable merit and resolution of those claims in favor of the Government is inexorable. Accordingly, further briefing from Strickland would not aid the Court in its decision, and the motion to compel and continue proceedings (ECF No. 113) is denied.

## **CONCLUSION**

For the reasons set forth above, Movant Tommy Ray Strickland's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100), and motion to compel and continue proceedings (ECF No. 113) are DENIED. Respondent United States of America's motion for summary judgment, incorporated into its response to the § 2255 motion (ECF No. 110), is GRANTED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate

of appealability is denied.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 11, 2020
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.